**MARKS & KLEIN, LLP**
Gerald A. Marks, Esq.
Evan M. Goldman, Esq.
63 Riverside Avenue
Red Bank, New Jersey 07701
Telephone: (732) 747-7100
Facsimile: (732) 219-0625
*Attorney for Thomas Victor*
*and Marian Mikaile*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS VICTOR and MARIAN MIKAILE,<br><br>Plaintiffs,<br><br>vs.<br><br>7-ELEVEN, INC.,<br><br>Defendant. | **CIVIL ACTION NO. 3:14-cv-00945-MAS-DEA** |
| 7-ELEVEN, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS VICTOR, MARIAN MIKAILE, 559 STORE, INC., 2201 STORE, INC., EHAB ISSA and SAMSON CHRISTIAN,<br><br>Defendants. | **CIVIL ACTION NO. 3:14-cv-02124-MAS-DEA**<br><br>**DECLARATION OF GERALD A. MARKS, ESQ. IN SUPPORT OF MOTION TO WITHDRAW** |

1

GERALD A. MARKS declares as follows:

1. I am admitted to practice before this Court, am admitted to the Bar of the States of New York and New Jersey, the Supreme Court of the United States, and various federal courts throughout the country, and am a partner at the law firm of Marks & Klein, LLP, counsel to Thomas Victor and Marian Mikaile, Plaintiffs in Civil Action No. 3:13-cv-00945-MAS-DEA, and Defendants in Civil Action No. 3:13-cv-02124-MAS-DEA (hereinafter, the "Victors"). I am fully familiar with the facts stated herein and make this declaration in support of Marks & Klein, LLP's motion to withdraw as counsel for the Victors.

Background

2. Marks & Klein was retained on February 5, 2014 to represent the Victors in the matter of Thomas Victor and Marian Mikaile v. 7-Eleven, Inc., 3:13-cv-00945-MAS-DEA. Plaintiff signed a retainer agreement to pay Marks & Klein's bills for fees and disbursements.

3. Significant differences arose between Marks & Klein and the Victors as to the appropriate approach to our representation of them in this case, and an irrevocable breach developed.

4. Additionally, as a result of the Court's various orders entered in 7-Eleven, Inc. v. Thomas Victor, et al., 3:13-cv-02124-MAS-DEA, the Victors have been unable to pay for extensive legal fees rendered and out-of-pocket expenses.

5. On or about May 25, 2014, the Victors consented to our withdrawal and confirm that they would seek new incoming counsel for this litigation. See Exhibit A. To date, the Victors have not retained new incoming counsel.

6. Failing to grant this motion would result in what we believe would be a wasteful, financially burdensome, empty exercise for Marks & Klein, with no benefit to the Victors.

7. Rule 1.16(b) of the New Jersey Rules of Professional Conduct provides that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interest of the client, or if … (3) a client is insistent upon pursuing an objective that the lawyer considers … imprudent; (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (6) other good cause for withdrawal exists."

8. In view of the ethical conundrum we face and the other points raised above, Marks & Klein respectfully requests that the Court issue an order granting them leave to withdraw as counsel of record for the Victors and for other such and further relief as this Court deems just and equitable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of May, 2014.

By: _____
Gerald A. Marks, Esq.